IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFERY BROADWAY,

    Plaintiff,                      No. CIV S-09-0192 GGH P

    vs.

LYNN, et al.,

    Defendants.           ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned. See Docket # 5, filed on January 30, 2009. By Order, filed on April 16, 2009, plaintiff's original complaint was dismissed with leave granted for plaintiff to file an amended complaint, which plaintiff did timely.

        As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff provides greater detail in his amended complaint, explaining that he was escorted in handcuffs by defendants Schwab and Kelly for a suicide assessment, on June 9, 2008,

from the Facility B program office to the correctional treatment center (CTC),[1] after having expressed fear of returning to B-Facility in High Desert State Prison (HDSP) because of his fear of (unidentified) officers retaliating against him for a previous lawsuit. AC, pp. 8-9. When plaintiff was told nothing could be done, he had said he "might as well kill himself first," rather than wait to be killed or set up to be killed by any of the officers, which led to the requisite suicide assessment. Id. at 9. Once arrived at CDC, plaintiff straddled a chair per instruction. Id., at 8. When plaintiff explained to defendant Drs. Murray and Nielson about his fears of the B-yard officers, it was determined that plaintiff was not a suicide risk and that his concerns were mainly a custody issue. Id., at 9. Plaintiff contends that defendant Schwab indicated that neither he nor defendant Kelly would or could touch him so long as he was not being aggressive. Id., at 10.

   The gravamen of plaintiff's claim remains that he was a few minutes later subjected to excessive force by defendants Silkey and Lopez in violation of his rights under the Eighth Amendment when, handcuffed and straddling a chair, plaintiff was suddenly grabbed from behind, lifted, placed in a wheelchair, pulled into a hall, a sheet was double-wrapped tightly around him pinning him to the wheelchair whereupon he was lifted by wheelchair lift into a transportation vehicle. Amended Complaint (AC), pp. 10-11, 14-18, 20-22. Upon arriving at B-Facility, where defendants Silkey and Lopez had transported him after lifting plaintiff and after having "slammed" him into the wheelchair - - -without ever giving him an order to move and even though plaintiff said he could walk - - -, plaintiff was taken out of the van by the wheelchair lift. AC, pp. 11-12. Plaintiff was pushed to the B-Facility program office by defendant Schwab, where this defendant untied him and told him to step into the holding cage which occurred without incident. Id., at 12.

\\\\

---

[1] Defendant Lynn appears to be sued in his supervisorial capacity as a CTC correctional sergeant. AC, p. 5.

1   Plaintiff subsequently had a "use of force" video recorded by a correctional
2 lieutenant and sergeant (not defendants) and also wrote a statement regarding the "use of force,"
3 as well as having filed a 602 inmate appeal; in addition, a medical report was made. Id. Plaintiff
4 claims that the incident caused him to undergo stress which had the effect of raising his blood
5 pressure to a very high level. Plaintiff alleges that he is on three different types of blood pressure
6 medication (although he does not say that these medications were prescribed solely as a result of
7 the incident at issue). Id. Plaintiff claims to be taking Ibuprofen for shoulder pain and to be
8 awaiting further treatment. Id., at 12-13. Plaintiff avers that he suffered a relapse into depression
9 and was once again placed in psychiatric treatment. Id., at 13. It is unclear whether plaintiff is
10 claiming that he is taking prescribed medication once daily as a result of the stress of the incident
11 or that he was already on such unidentified medication. He does claim to have been put on other
12 undescribed medications for paranoia, shoulder pain and migraines, but it is not clear to what
13 extent these medications may have been part of pre-existing and on-going regimen. Plaintiff
14 seeks compensatory and punitive money damages. Id., at 25.

15   In dismissing the original complaint with leave to amend, the court stated as
16 follows:

> While defendant believes that he should have been given direct orders before force to move him was attempted and there is little doubt plaintiff's dignity was affronted by the manner of his transport, what he has described does not constitute a violation of his rights under the Eighth Amendment. "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7,112 S. Ct. 995, 999 (1992), citing Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078 (1986). When determining whether the force was excessive, we look to the "extent of the injury..., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, supra, at 7, 112 S. Ct. at 999.

26 \\\\\

> While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, supra, at 9, 112 S. Ct. at 1000, citing Whitley, at 327, 106 S.Ct., at 1088.

Order, filed on April 16, 2009, pp. 3-4.

While plaintiff has provided additional factual details in his amended complaint, the court finds that plaintiff continues to fail to demonstrate how the use of force complained of rises to a violation of the Eighth Amendment. Even assuming, as plaintiff alleges, that the sudden and unexpected method of transporting him was unnecessary, that he could have been directed to move on his own and could have returned by walking rather than in a wheelchair, plaintiff has not made a colorable showing that what occurred was a malicious and sadistic use of force intended to cause harm. That plaintiff may have suffered a sore shoulder or was stressed enough by the incident to have required additional psychiatric treatment is not sufficient to transform what may have been an unconventional, trying and even unnecessary method of transportation into a violation of plaintiff's Eighth Amendment rights. Not every unnecessary push and shove is actionable under the Eighth Amendment. Hudson at 10, 106 S.Ct. at 1000. Plaintiff's force allegations do not rise above de minimis.

"A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988), quoting Noll [v. Carlson], 809 F.2d 1446, 1448 (in turn, quoting Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (per curiam)); accord Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir.1987).

"Liberality in granting a plaintiff leave to amend 'is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile.'" Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001),

5

1  quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999).  "Under Ninth Circuit case law,
2  district courts are only required to grant leave to amend if a complaint can possibly be saved.
3  Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v.
4  Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also, Smith v. Pacific Properties and
5  Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d
6  494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend
7  the pleading was made, unless it determines that the pleading could not be cured by the allegation
8  of other facts.").  Plaintiff has been afforded the opportunity to amend and has been unable to
9  cure the defects of his complaint.  It does not appear that any further leave to amend could result
10 in colorable allegations.
11            Accordingly, IT IS ORDERED that this action is dismissed for plaintiff's failure
12 to state a claim upon which relief could be granted.
13 DATED: August 28, 2009                              /s/ Gregory G. Hollows
14                                                    UNITED STATES MAGISTRATE JUDGE
   GGH:009
15 broa0192.dis